■ In the Matter of the Appointment of a Committee of the Person and Property of FRANCES SCHLUER, an Alleged Incompetent Person, Appellant. JOHN J. MULLALEY et al., Respondents.— Order unanimously reversed on the law and on the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant against respondent, John J. Mullaley, and the motion to confirm the jury's verdict of competency upon a question submitted to it is granted, with $10 costs. Section 1372 of the Civil Practice Act pro-

vides that upon "the rendering of the verdict of the jury ° ° ° the court either must direct a new trial or hearing or make such a final order upon the petition as justice requires." Special Term, therefore, acted within its powers in ordering a new trial in this proceeding. If, as here, the court believed that the finding of the jury was not one which, if followed, would result in a final order "as justice requires" it was its duty and it had the power to disregard it. That is not to say, however, that great weight should not be given to such finding. To fail to do so would be to make meaningless the mandate of section 1364 of the Civil Practice Act which makes provision for a trial by jury. We do not believe, however, that on the facts presented by this record the court should have disregarded the finding of the jury and ordered a new trial. On the contrary, we come to the conclusion that the record amply supports the jury's finding of competency. It seems that Special Term gave undue weight to the fact that the alleged incompetent was not put on the stand. It is not always essential that the alleged incompetent be called upon to testify. The failure to put her on the stand was not an oversight or an inadvertence. The desirability of so doing was given full consideration at the trial — the Trial Judge stating that if he felt her testimony would aid the jury in determining the issue before it, he would, on his own, call the alleged incompetent to testify if the parties failed to do so. We agree with his conclusion that the testimony of this woman, well in her eighties, was not necessary for the resolution of the question presented and we think that it would not have been determinative of the issue. Settle order. Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.